## Yorks et al., Appellants, *v.* Altmiller et al.

*Corporations—Receivers—Sale—Reorganized company — Fraud —Laches—Collateral attack on decree—Equity.*

1. Dissatisfied stockholders of an insolvent corporation in the hands of a receiver cannot sit by and do nothing when the receiver is appointed and the company's property sold, and then seek by a bill in equity to have all the proceedings set aside, where it appears that the bill was not filed until four years after the receiver was appointed and six months after he was discharged, that the title to the company's property had changed, that new liens had been created on it, and new rights had become fixed, and that a charge of conspiracy to defraud was not sustained by the evidence.

2. On such bill, technical objections to the receivership proceedings and to the conduct of the receiver, cannot be collaterally raised. They should have been raised in the receivership suit.

Argued April 12, 1921. Appeal, No. 422, Jan. T., 1921, by plaintiffs, from decree of C. P. Columbia Co., May T., 1918, No. 1, dismissing bill in equity, in case of Milton K. Yorks and Elsie A. Yorks (now Elsie Yorks Jones), executors of Frederick G. Yorks, deceased, and Deborah T. Little v. Charles F. Altmiller, Receiver, John L. Richardson, Frederick J. Richard, Edmund M. Savidge, the Richard Manufacturing Co., and Richard Manufacturing Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Bill in equity to set aside receivership proceedings and for accounting. Before HARMAN, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiffs appealed.

*Error assigned,* among others, was decree, quoting it.

*H. Mont. Smith* and *G. M. Tustin,* for appellants.—Incorporators who transact business upon the strength of

an organization which is materially defective are individually liable as partners, to those with whom they have dealt: Guckert v. Hacke, 159 Pa. 303; Tonge v. Pub. Co., 244 Pa. 417.

Where persons acting in a fiduciary capacity are interested in the purchase of real estate sold by them, at the time of sale, or become so immediately afterwards and before the payment of the purchase money, any profit which they make in the transaction belongs to the parties beneficially interested in the trust: Rosenberger's App., 26 Pa. 67; Diller v. Brubaker, 52 Pa. 498; Anderson's App., 36 Pa. 476; Kepler v. Davis, 80 Pa. 153.

*George M. Roads,* with him *A. W. Duy,* for appellees.— Sale of property made by a receiver is not subject to collateral attack: Mellon v. Iron Works, 131 U. S. 353.

Plaintiffs were guilty of laches: Balliet v. Brown, 103 Pa. 546; Macpherson's Est., 260 Pa. 502; Penna. Transportation Co.'s App., 101 Pa. 576.

OPINION BY MR. JUSTICE SCHAFFER, May 2, 1921:

The Richard Manufacturing Company was engaged in making iron and steel specialties; for a number of years prior to 1914, it had not been successful, and had paid no dividends. The plaintiffs and the individual defendants were stockholders, and, with the exception of Deborah T. Little, bondholders. All the individual defendants were creditors of the company, whose finances had reached such a state, early in 1914, that it was without ready cash; creditors were pressing, it could obtain no further accommodations in banks, even with the endorsements of its directors, and no avenue seemed open to secure the essential funds to carry on operations. Having exhausted their own credit, by endorsement of its paper, the directors turned to other stockholders, among them, the plaintiff, Milton K. Yorks, to get financial assistance; failing in this, one of them, Altmiller,

filed a bill for a receiver, and Richardson, another of the directors, was appointed. He operated the plant for a time, under order of court; but, owing to the great business depression of 1914, could not profitably continue, and it was determined to bring the property to a sale.

The real estate was subject to an overdue mortgage, with interest in default; the bondholders concluded that it would be wise to foreclose by sheriff's sale and have the property bought in their behalf, so that they could, if desired, reorganize the concern.

The property belonging to the company, not bound by the lien of the mortgage, was put up at public sale by the receiver, in pursuance of his petition for authority so to do and after notice to plaintiffs, hearing by the court and its decree. The individual defendants, prior to the sale, entered into an agreement to purchase this property, if it could be acquired at a reasonable sum, then sell it and apply the proceeds to the payment of the company's notes, on which they were endorsers, and divide any overplus after this was done among themselves. The receiver made an itemized return to court of the property sold, with the names of the purchasers, showing one of the directors as the purchaser of substantially all of it. No objection was made by plaintiffs to this sale or its confirmation.

In accordance with the bondholders' agreement, a reputable member of the bar, who was advising and acting for practically all interests in the company, bondholders, stockholders, and the receiver, purchased the property at the sheriff's sale, and subsequently conveyed it to the reorganized company. The bondholders' agreement, to which the plaintiff, Milton K. Yorks, was a party, contemplated that this should be done, and thereafter he received, in lieu of the bonds which he held against the old company, bonds and stock in the new. One of the directors, Richard, who was possessed of the technical knowledge necessary to operate the plant, succeeded in beginning manufacture again on a small

scale, and, ultimately, sufficient money was made to pay all the creditors in full. The receiver so reported to the court, and the receivership was wound up, he being discharged November 5, 1917. No objection was made by plaintiffs to any action of the receiver, prior to his discharge; and, indeed, nothing was done by them until May 19, 1918, when this bill was filed, more than six months after such discharge and more than four years after the receiver's appointment, the reason for this proceeding being, that plaintiffs had discovered the reorganized company had secured war contracts, which had been profitable to it.

The bill set up a conspiracy entered into by the defendant directors to defraud plaintiffs, breach of trust by them as directors in the old company, that the entire receivership proceedings were void, because of the failure to file a printed bill, and that the corporate organization of the new company was defective and should be declared a partnership. A decree was sought for an accounting from the individual defendants.

A careful reading of the voluminous record shows no evidence of a conspiracy to defraud, as alleged in plaintiffs' bill. It discloses that one of the plaintiffs, Milton K. Yorks, was a party to the bondholders' agreement, to the sheriff's sale of the plant, and to the plan for a reorganization of the company,—that he participated in the reorganization and received bonds and stock in the new concern; it reveals that the other plaintiffs had notice of the receiver's application for the sale and did not object to it or its confirmation, and establishes that from March, 1914, when the receiver was appointed, until May, 1918, months after his discharge, nothing was done by plaintiffs to question his acts or the acts of those claiming through him. Not in this proceeding, but in the receivership proceeding, should the technical question have been raised of the failure to print the bill in equity, asking the appointment of the receiver; there and not here should ques-

tions affecting the receiver's conduct have been raised; that proceeding and the decrees therein made cannot be attacked in this. The plaintiffs sat by and did nothing, until after the receivership was concluded and the receiver discharged, until title to the company's property had changed, new liens had been created on it and new rights in it had become fixed; such laches a court of equity cannot overlook. For the reasons given, the learned court below properly dismissed plaintiffs' bill.

The decree of the court below is affirmed at appellants' cost.