Basalyga, et al. *v.* Commonwealth.
Hohensee, et al. *v.* Commonwealth.

Argued September 10, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Gene Basalyga* and *Mildred Hohensee,* In Propria Persona, for appellants in 500 C.D. 1971.

*Ervin Hohensee* and *Thelma Tompkins,* In Propria Persona, for appellants in 501 C.D. 1971.

*Edward D. Werblun,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION PER CURIAM, November 9, 1971:

These appeals challenge an Eminent Domain award by the Common Pleas Court of Lackawanna County to Scientific Living, Inc. for the taking of certain corporate lands by the Pennsylvania Department of Highways. Prior to trial, a receiver was appointed by the court below to represent all interests in Scientific Living, Inc. because ownership and control of the corporation was disputed. Four individuals involved in the ownership dispute have filed these appeals, in their own names as well as in the name of the corporation,

394

alleging error in that they were wrongly denied the opportunity to participate in the trial. We hold that since the lower court had appointed a receiver and he did participate in the trial as the representative of all interests in the condemned land, only he may appeal the decision of the court below. *Spires v. Hanover Fire Insurance Co.*, 364 Pa. 52, 70 A. 2d 828 (1950); *Continental Bank & Trust Company v. American Assembly Machine Co.*, 350 Pa. 300, 38 A. 2d 220 (1944). Appellants remedy, if any exists, rests in the challenge of the appointment of the receiver to represent their interests. Here is where the appropriate appeal would lie. *Yorks v. Altmiller*, 270 Pa. 438, 113 A. 415 (1921). The order appointing the receiver is valid and cannot be ignored absent a successful appeal of the same.

Dismissed.

Judge MANDERINO concurs in decision only.